SUCCESSION                                    NO. 8388

OF              8388            COURT OF APPEAL

CHARLES MOLIERE           :          PARISH OF ORLEANS

                    : : : :

- - -

- - -

MAY 14, 1923.

Court of Appeal
Parish of Orleans
May 14/23
H. Stansbury

834

By WILLIAM A. BELL, Judge.

From a judgment which homologates the administrator's account and which recognizes ~~represents~~ all other parties as heirs of the deceased, one of the heirs has appealed, contesting, firstly, the recognition of a certain claim upon a promissory note payable to and held by one of the brothers of the deceased, and contesting, secondly, the legitimacy of certain other persons recognized as heirs.

The deceased died July 1, 1916, and his succession was opened February 12, 1918, by parties claiming to be heirs and who alleged at that time that there were debts against the estate. The final account of the administrator, filed August 7, 1920, shows a total estate of $470.00, of which, after payment of court costs, administrator's fees and attorneys fees, there remains the sum of $323.85, which balance the administrator recommends shall be paid to certain brothers and sisters, nephews and nieces, of the deceased, in such proportion as may be determined by the court. To this account opposition was filed on August 16, 1920, by Jean Louis Moilere, who alleges that he is the holder and owner of a certain unpaid promissory note, reading as follows:

> "Phoenix, La., February 15, 1916.
> One (1) year after date I promised to pay to John Louis Moliere, for value received $225.00) Two hundred and Twenty five Dollars with 8% interest.
>                                    his
>               (Signed) Charles  X  Moliere
>                                   mark
> "Witness ) (Signed) Joseph Rollins."

It is evident that if the judgment appealed from be affirmed insofar as to recognize the claim of the aforesaid opponent, that nothing will remain in the estate to be distributed to heirs of the deceased, and hence, in that event, no determination need be made by this court as to the contest of heirship herein raised.

It is contended by appellant, Ann Moliere, sister of deceased and wife of Charles Enos,"that she has no knowledge that said alleged note was ever signed by the deceased; that even if signed, the same is without consideration and was not and is not a debt by the deceased, and, finally, that far from said Jean Louis Moliere being a creditor of the deceased, that he is a debtor of the deceased."

The burden of proof to substantiate all the above defenses falls upon appellant, who has not, from our appreciation of the evidence, been successful in do doing. In the first place it is to be noted that neither appellant nor the others, who originally contested with her the right to administer this estate, interposed any opposition to the provisional account of the administrator, which account was filed on August 30, 1919, and upon which the above claim was recognized, acknowledged and listed as the only debt of the succession. The evidence shows there was no other debt, except certain amounts due the very holder of the note, who is shown to have paid taxes due on the only piece of real estate sold in the succession. It was attempted by argument to prove prescription of the note, though no such defense was interpleaded. The date of the note, considered with other dates above mentioned, shows clearly that the obligation was not prescribed, but even if this were not a fact, the acknowledgment of this debt by the administrator in placing same on his provisional account, interrupted any prescription which could have accrued. Maraist Syndic. v. Guilbeau, administrator, 31 Ann., 713; Succession of Richmond, 35 Ann., 858; C. P. Art. 985.

The consideration of the note is shown to have been for advances made by the holder in payment of the maker's share in certain real estate jointly purchased by them and others on February 15, 1898, from the People's Bank of New Orleans. It is argued that no such obligation could have existed betwee‑ the two brothers in 1916, when the note was given; becaus‑

March, 1915, by notarial act, the brothers and others, as pur-
chasers of the above real estate, partitioned the same, and in
said act declared:

> "No return money is to be made to any of
> them (the parties) * * * and they discharge each other
> from all claims, demands, matters and things whatsoever
> in the premises."

We see no merit in the above contention.  No authority
has been cited, nor do we know of any, that would have precluded
the brothers as between themselves from reviving in 1916 a debt
arising in 1898, even though it may be presumed that they in-
intended by the above-quoted clause in the partition act of
1915, to discharge any and all obligations which might have ex-
isted between them. We are not inclined to give any such effect
to the above-quoted discharge between the parties to the act of
partition.  Joseph Rollins, witness on the note, testifying in
these proceedings, is shown to have been a disinterested party,
who declared in corroboration of the testimony by the surviving
brother, that the deceased, at the moment of the signing of the
note, made clear his intentions to thereby discharge or pay his
then indebtedness to his brother, the holder and payee of the
note.  In the present            case, appellant's pleadings
carry no allegations of fraud, nor is there any specific deni-
als of the signature or mark on the note.  The authorities cited
by counsel for appellant, particularly those in supplemental
brief, have no application to this case.  In the cited case of
Watts v. Collier, 140 La., 105, specific denial of the signature
was made by the obligor himself, and the court there held that
under such circumstances, where the private writing bears a cross
mark purporting to represent the signature of the obligor, the
uncorroborated testimony of one witness, that he saw the alleged
obligor make the cross or held or touched the pen with which it
was made, could not prevail over the denial of the obligor on
oath.  We cannot see the application of that case to the in-
stant one, but on the contrary it seems to be therein implied

that in the absence of no better evidence than that now before us, courts must be bound thereby, unless stronger rebuttal evidence be offered. We are convinced that the findings of the judge of the trial court, who heard and saw the witnesses, should not be set aside. The holder of the note, in whose favor the judgment was rendered, having died since the appeal taken herein, his widow, Mrs. Vanilla (Williams) Moliere, has, on proper motion and order been made a party to this appeal. Finding the judgment appealed from in favor of Jean Louis Moliere to be correct, we refrain, for reasons aforementioned, from consideration of the other issues herein involved.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment appealed from, insofar as it recognizes and maintains the opposition of Jean Louis Moliere (now deceased) to the administrator's final account, be and the same is hereby affirmed; and it is further ordered that said account be amended so as to place thereon, as an ordinary creditor of the Estate of Charles Moliere, appellee, Mrs. Vanilla (Williams) Moliere, widow in community, and sole heir of Jean Louis Moliere, in the sum of TWO HUNDRED AND TWENTY FIVE DOLLARS ($225.00), with eight per cent. per annum interest from February 15, 191., until paid, and for all costs of opposition in both courts.

JUDGMENT AFFIRMED.                    MAY 14, 1923.